IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. CR 12-2006 RB

CORINA CHAVEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Ms. Chavez's Motion for Compassionate Release Persuant (sic) to Covid-19 Compelling and Extraordinary Circumstances Under 18 U.S.C. § 3582(c)(1)(A), filed on July 22, 2020. (Doc. 751.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I.    Background**

On July 30, 2013, Ms. Chavez pled guilty to 29 counts for her role in trafficking methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841, 843(b), and 846. (Doc. 390.) The Court sentenced Ms. Chavez to 216 months imprisonment. (Doc. 565.) Ms. Chavez has served approximately 97 months or 45 percent of her sentence. (*See* Doc. 315 at 1.) She now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce her sentence due to the COVID-19 pandemic. (Doc. 751.)

**II.    Discussion**

Ms. Chavez seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-

1

391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Ms. Chavez filed such a request with FMC Carswell, and the warden denied her request on June 11, 2020. (Doc. 751 at 1.) Thus, the Government concedes that she has exhausted her administrative remedies. (*See* Doc. 753 at 10.)

Ms. Chavez asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 751 at 2.) She argues that as a 55-year-old individual with high blood pressure, asthma, obesity, and sleep apnea, she is considered high risk for severe illness should she contract COVID-19. (*Id.*) The Government acknowledges that the CDC lists obesity as a medical condition that puts individuals at an increased risk for severe illness from COVID-19.[1] (Doc. 753 at 10 (citing People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).) While the Government notes that her medical conditions are well-controlled, it concedes that Ms. Chavez has demonstrated extraordinary and compelling circumstances exist in the face of the pandemic. (*Id.* at 10–12.)

The Court observes that in the weeks since Ms. Chavez filed her motion, the number of positive COVID-19 cases at FMC Carswell has significantly decreased. On July 22, 2020, the date that Ms. Chavez filed her motion, there were 510 confirmed positive inmate cases at FMC

---

[1] The CDC lists high blood pressure and asthma as conditions that might put an individual at an increased risk from severe illness. *See*

Carswell. *See United States v. Lovelace*, No. CR 15-4112 RB, 2020 WL 4201845, at *4 (D.N.M. July 22, 2020) (citing *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/). On the date of this writing, September 15, 2020, the number has dropped to 15 cases. *See COVID-19 Coronavirus*. Thus, the Court declines to expressly find that extraordinary and compelling reasons exist for a sentence reduction when it appears that FMC Carswell has gotten the outbreak under control. And as the Court explains below, other factors weigh against a sentence reduction.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Ms. Chavez would pose a danger to public safety if she were to be released. (Doc. 753 at 13.) It points to her conduct in this case, where she was an "organizer and leader of criminal activity involving many individuals and distributing cocaine[,] marijuana, [and] . . . methamphetamine . . . ." (*Id.*; *see also* Presentence Investigation Report (PSR) ¶¶ 20–90.) Ms. Chavez had a criminal history of VI due to several previous convictions for robbery, attempt to commit a felony, embezzlement, and possession of marijuana. (PSR ¶¶ 125–29.) She also has a history of drug and alcohol addiction. (*Id.* ¶ 156.)

The Court finds that Ms. Chavez's very serious criminal history, along with her age at the time of her conviction, weighs strongly against a reduction. *See* 18 U.S.C. § 3553(a)(1). The Court agrees that a sentence reduction would result in a danger to the community due to a likelihood of further crime. Releasing her now, when she has served less than half of the sentence imposed,

4

would not adequately reflect the seriousness of the offense nor afford adequate deterrence. *See id.* § 3553(a)(2). Consequently, the Court will deny Ms. Chavez's motion.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Compassionate Release (Doc. 751) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE