IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                      No. 5:12-cr-2006 RB

CORINA ANGELA CHAVEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Corina Angela Chavez's Motion to Modify Sentence under Amendment 821 to the United States Sentencing Guidelines. (Doc. 785.) The Federal Public Defender reviewed Chavez's motion and declined to file a motion on her behalf. (Doc. 789.) The United States contends Chavez is ineligible for a reduction. (Doc. 790.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Chavez is ineligible for a sentence reduction. The Court will therefore **DISMISS** the motion.

**I.    Background**

On July 30, 2013, Chavez pleaded guilty to 29 counts for her role in trafficking methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841, 843(b), and 846. (Doc. 390.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 37. (PSR ¶ 122.) Chavez's base offense level was 36, but she received a four-level increase under U.S.S.G. § 3B1.1(a) for her role as an organizer or leader; a two-level decrease under U.S.S.G. § 3E1.1(a) for acceptance of responsibility; and a one-level decrease under U.S.S.G. §3E1.1(b) for timely notifying authorities of her intent to plead guilty. (*Id.* ¶¶ 112, 115, 120–21.) Based on Chavez's prior convictions, the USPO calculated a criminal history score of five, resulting in a criminal history category of III. (*Id.* ¶¶ 130–31.) Because

Chavez "ha[d] at least two prior qualifying felony convictions[,]" however, she was classified as a career offender under U.S.S.G. § 4B1.1(b), resulting in a criminal history category of VI. (*See id.* ¶¶ 119, 132.) Based upon a total offense level of 37 and a criminal history category of VI, Chavez's guideline imprisonment range was 360 months to life. (*Id.* ¶ 168.)

On May 16, 2014, pursuant to a plea agreement, the Court sentenced Chavez to 216 months of imprisonment. (Docs. 389; 564; 566.) Her anticipated release date is December 6, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 30, 2024).

Since she was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Chavez, acting pro se, now asks the Court to reduce her sentence pursuant to Amendment 821. (Doc. 785.) The Federal Public Defender declined to file a motion on Chavez's behalf, and the United States opposes the motion.[1] (Docs. 789–90.)

## II.    Legal Standards

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560

---

[1] Chavez filed a "Supplement" more than three months after the Government filed its response brief. (Doc. 791.) Chavez seeks additional relief in the Supplement. (*Id.*) The Court will treat the Supplement as a new motion and will, by separate order, require the Government to respond.

U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the

defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

### III.   Discussion

Chavez is not eligible for a sentence reduction. First, she is not eligible for Part A relief because no status points were added to her criminal history score. (*See* PSR ¶ 130–31.) Moreover, because Chavez is a career offender, she was not sentenced under § 4A1.1, but under § 4B1.1. (PSR ¶ 132.) *See* U.S.S.G. 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be a Category VI."). Thus, her guideline range does not change.

4

Second, given that Chavez was assessed five criminal history points, she is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821. (*See id.* ¶ 130.)

The Court finds Chavez is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over her motion.

**IT IS THEREFORE ORDERED** that Chavez's Motion to Modify Sentence (Doc. 785) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE