IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                        No. 5:12-cr-2006 RB

CORINA ANGELA CHAVEZ,

    Defendant.

## ORDER

THIS MATTER is before the Court sua sponte. The Court has reviewed the briefing on Chavez's most recent motion for compassionate release. (*See* Docs. 791; 795–96.) Having considered the briefs, the Court finds the following order should be entered:

**IT IS ORDERED** that counsel for the United States shall obtain from the BOP Chavez's complete medical records and file them (restricted to case participants only) no later than **January 6, 2025.**

**IT IS FURTHER ORDERED** that counsel shall be appointed to Chavez for the purpose of investigating the propriety of a sentence reduction and, if necessary, to file a supplemental motion for compassionate release on her behalf.

**IT IS FURTHER ORDERED** that counsel for the parties shall meet and confer no later than **30 days** following the later of counsel's appointment and production of Chavez's full medical records. Should counsel agree that Chavez may qualify for a sentence reduction pursuant to the Court's concerns as outlined below, the Court directs counsel to file a joint status report making appropriate recommendations no later than **14 days** after the meet and confer.[1] Should counsel

---

[1] If counsel agree that Chavez may qualify for a sentence reduction but cannot agree on a recommended reduction, counsel may summarize their positions in the joint status report.

disagree about whether a sentence reduction is appropriate, counsel shall file a joint status report to notify the Court of their disagreement.

In the event that counsel do not agree that a sentence reduction is appropriate, the Court orders supplemental briefing as follows. Counsel for Chavez shall file a supplemental brief that focuses on two issues: (1) whether a sentence reduction is warranted because Chavez was sentenced based on amounts of both pure methamphetamine and a mixture of methamphetamine. Chavez argues, and the Court agrees, that the methamphetamine Guidelines are not based on empirical data and may lead to unwarranted sentencing disparities. *See, e.g.*, *United States v. Ibarra-Sandoval*, 265 F. Supp. 3d 1249, 1252–53 (D.N.M. 2017). (2) whether Chavez may qualify for a sentence reduction due to the fact that she has documented medical issues with urinary and stool incontinence, a documented medical history that provides a possible explanation for her current complaints, and multiple documented requests for treatment with no apparent movement toward providing that treatment.

Appointed counsel's supplemental brief is due no later than **14 days** after the parties file the joint status report notifying the Court of the result of their meet and confer. The Government shall respond no later than **14 days** following the supplemental brief. Chavez may file a reply brief no later than **14 days** following the response.

```
                              _____
                              ROBERT C. BRACK
                              SENIOR U.S. DISTRICT JUDGE
```