IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA § <br>    Plaintiff, § <br> § <br> v. § <br> § <br> CORINA ANGELA CHAVEZ, § <br>    Defendant. § | CAUSE NO. 5:12-cr-2006 RB |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR COMPASSIONATE RELEASE

Defendant Corina Angela Chavez respectfully submits this supplemental brief addressing two primary issues warranting a sentence reduction: (1) the sentencing disparity caused by the distinction between pure methamphetamine and a mixture of methamphetamine, and (2) her significant medical issues that have not been adequately treated while in custody. Chavez argues that both issues present extraordinary and compelling reasons for a reduction in sentence.

### LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's sentence if "extraordinary and compelling reasons" warrant such a reduction. The Sentencing Commission's policy statements allow courts to consider policy-based disparities and medical neglect as valid reasons for sentence modifications. *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), further supports a district court's discretion in deviating from guidelines that are not grounded in empirical data. Additionally, failure to provide adequate medical care may independently justify compassionate release.

### SENTENCING DISPARITY CAUSED BY METHAMPHETAMINE PURITY

The U.S. Sentencing Guidelines impose significantly harsher sentences for offenses involving "actual" (pure) methamphetamine compared to methamphetamine mixtures. This

disparity is not based on empirical evidence but rather outdated assumptions regarding drug purity and culpability. Courts, including the District of New Mexico in *United States v. Ibarra-Sandoval*, 265 F. Supp. 3d 1249, 1252–53 (D.N.M. 2017), have acknowledged that methamphetamine purity does not necessarily indicate a defendant's role in the drug trade. Moreover, the Supreme Court has recognized that district courts have the authority to disagree with Guidelines that create unwarranted disparities (*Kimbrough*, 552 U.S. 85).

The Government argues that the same offense levels for methamphetamine mixture and methamphetamine purity remain in effect and that Chavez's sentence was properly calculated.

However, purity-based distinctions disproportionately impact low-level offenders. A defendant involved in distribution at a street level may still be sentenced as if they were a major trafficker simply because the substance tested at a higher purity level. This policy undermines fairness in sentencing, and courts have broad discretion to correct such disparities. The rigid application of purity guidelines without consideration of the defendant's actual role in the drug trade results in punishments that exceed what is just and proportional. Chavez's sentencing was predicated on a formula that fails to consider these realities, further justifying a sentence reduction.

While the Government argues that Chavez played a significant role, her interactions with co-defendants indicate that she was operating at the direction of higher-level figures in the conspiracy rather than coordinating logistics herself. The fact that she made deliveries, or relayed information does not equate to an organizing role.

Furthermore, her prior criminal record reflects addiction-driven offenses rather than the calculated leadership expected of a major trafficker. Her history includes minor retail-level drug transactions and financial offenses, suggesting that she was more of a low-level participant

caught within larger operations. The sentencing enhancement applied to her was, therefore, disproportionate and further supports the argument that she was over-penalized under the methamphetamine purity guidelines.

### CHAVEZ'S SEVERE MEDICAL CONDITIONS AND FAILURE OF TREATMENT IN BOP CUSTODY

Chavez suffers from chronic and debilitating medical conditions, including urinary and stool incontinence. Her medical records document repeated complaints and multiple requests for appropriate treatment, yet she has received inadequate care. The Government contends that her medical conditions have been treated adequately and do not constitute "extraordinary and compelling" circumstances warranting release. However, the records indicate otherwise.

According to medical records, Chavez has made multiple requests for medical evaluations, including specialist referrals, but these requests have either been ignored or excessively delayed. Records confirm that she has been prescribed treatments that have proven ineffective and recommended urgent specialist intervention has yet to occur.

Medical neglect cases are particularly compelling under the compassionate release framework. The court in *United States v. Beck*, 425 F. Supp. 3d 573 (M.D.N.C. 2019), ruled that failure to provide proper medical care may justify a sentence reduction, particularly where conditions have worsened due to lack of intervention. Chavez's situation falls within this framework. Repeated instances of untreated infections, mobility issues, and persistent pain reflect a pattern of systemic neglect that violates basic standards of inmate healthcare.

Further, Chavez's deteriorating health conditions place her at a high risk of further medical complications. The continued lack of access to specialized medical attention, despite multiple formal grievances, constitutes an extraordinary and compelling reason for release. Courts have granted compassionate release in similar cases where defendants' medical needs

were ignored despite documented efforts to seek treatment. *See, e.g.*, *Beck*, 425 F. Supp. 3d 573; *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM (S.D. Ind. May. 9, 2019). Chavez's case aligns with these precedents and warrants serious consideration.

The Government's argument that Chavez has received adequate treatment fails to address the frequency and severity of her complications. While she has received some medical attention, it has been sporadic and incomplete. A diagnosis without necessary follow-up care does not constitute adequate treatment, and the delays in receiving critical interventions have exacerbated her suffering. Given her continued deteriorating condition and the failure of the BOP to provide timely, effective medical care, compassionate release is warranted.

## CONCLUSION

For the foregoing reasons, Defendant Chavez respectfully requests that the Court grant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the unwarranted sentencing disparity caused by the methamphetamine purity distinctions in the U.S. Sentencing Guidelines and the Bureau of Prisons' failure to provide adequate medical care for her chronic conditions.

Respectfully submitted,

VALENZUELA LAW FIRM
701 Magoffin Avenue
El Paso, Texas 79901
(915) 209-2719
(915) 493-2404 fax

By: /s/ Felix Valenzuela
 State Bar No. 24076745
 felix@valenzuela-law.com

Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which shall send notification of such filing to all parties.

                                                                /s/ Felix Valenzuela